IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. CIV-16-216-M |
| v. | ) | |
| | ) | |
| CAROLYN COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff filed a Complaint in this action on March 4, 2016, seeking to appeal the final decision of Defendant Commissioner denying his application for social security disability benefits. On March 7, 2016, United States District Judge Miles-LaGrange referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Plaintiff, who appears *pro se*, paid the filing fee.

Rule 4(m), Federal Rules of Civil Procedure, provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

1

On June 6, 2016, the undersigned entered an Order advising Plaintiff that the 90-day time period for the completion of service upon Defendant expired on June 2, 2016. Plaintiff was notified of the undersigned's intention to recommend dismissal of the action without prejudice unless he showed good cause for his failure to timely serve Defendant.

In an apparent response to this Order, Plaintiff submitted a copy of a United States Postal Service tracking report indicating a certified mail package had been "Delivered, Left with Individual" on June 16, 2016, in Dallas, Texas. Plaintiff did not, however, file a return of service or any document reflecting that service of process had been obtained upon Defendant in compliance with Rule 4(i).

In an Order entered July 1, 2016, the undersigned found that Plaintiff had not shown good cause for his failure to properly serve Defendant with process within the time period required by Rule 4(m), but granted Plaintiff a permissive extension of time of thirty days, or until August 1, 2016, to properly accomplish service of process upon Defendant and submit proof of such service to the Court. Plaintiff was advised of the undersigned's intention to recommend the dismissal of the action without prejudice unless Plaintiff complied with the Order.

Rule 4(m) provides that the court may extend the time for service if the plaintiff shows "good cause" for the failure to timely serve the defendant. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995)("If good cause is shown, the plaintiff is entitled to a mandatory extension of time.").

Plaintiff has not filed any pleading or document reflecting that service of process upon

Defendant has been completed. Nor has Plaintiff explained why he has failed to serve Defendant with process or requested an additional extension of time to complete service. Therefore, Plaintiff has not shows good cause for his failure to effect timely service of process in this action.

The finding that Plaintiff has not demonstrated good cause for a mandatory extension of time to effect service does not end the Court's inquiry. "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." Id. at 841. A permissive extension of time may be warranted "if the applicable statute of limitations would bar the refiled action" or where "policy considerations might weigh in favor of granting a permissive extension of time." Id. at 842 (quotation and citation omitted).

Even if the limitations period governing his action would bar a refiled action, Plaintiff was previously granted a permissive extension of time to effect service. He has not done so, and there are no policy considerations that would warrant granting Plaintiff a second permissive extension of time to serve Defendant.

Therefore, the cause of action should be dismissed without prejudice for failure to timely serve Defendant. See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007)(holding where the dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED WITHOUT PREJUDICE for failure to timely serve the Defendant with process. Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by   September 6th  , 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   15th   day of    August   , 2016.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE